Maupin, L,
dissenting:
In my view, the decision of the Nevada Gaming Control Board was not arbitrary, capricious or contrary to law.
This case presents a conflict between two inconsistent public policies that have developed over the years with regard to the gaming industry. On one hand, gaming establishments have the unquestioned right to protect themselves against so-called “card counters” who have developed expertise in the game of “blackjack” (“twenty-one”). On the other hand, neither card counting *286 nor the use of a legal subterfuge such as a disguise to gain access to this table game is illegal under Nevada law. I conclude, however, that the misrepresentation here, the use of a fraudulent passport for identification, was not a legal subterfuge and enabled appellant access to high stakes play for the purpose of frustrating legitimate attempts by the respondent to prevent this from occurring.
Certainly, appellant would have needed no identification to play if he had not sought chips valued in excess of $10,000.00. However, playing without showing fraudulent identification involves no fraud or other illegal activity. While respondent did not generally rely on identification via passport or otherwise to allow participation in table games, Chen’s access to large denominations of gaming tokens could not have occurred in absence of the fraud. Therefore, the misrepresentation was specific and material to the caliber of play in which appellant sought to become engaged. Therefore, I would affirm the decision below.